| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-(b)**<br>NORGAARD O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631<br>(201) 871-1333<br>Attorneys for Chapter 7 Trustee<br>Ilissa Churgin Hook<br>  *John O'Boyle (JO – 6337)*<br>  *joboyle@norgaardfirm.com* | Order Filed on January 19, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Chapter 7 |
| In re:<br><br>       LOIS A. McENTEE,<br><br>                              Debtor. | Case No.: 21-14561 VFP |

**CONSENT ORDER FOR CONTINUED POST-PETITION ELECRICITY SERVICE
AND FOR PAYMENT OF CLAIM FOR POST-PETITION SERVICE**

   The relief set forth on the following page, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: January 19, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor: Lois A. McEntee
Case No.: 21-14561 VFP
Caption of Order: Consent Order for Continued Postpetition Electricity Service
and for Payment of Claim for Postpetition Service

THIS MATTER came to the attention of the court upon the Chapter 7 Trustee's Application for Entry of Consent Order in Lieu of Motion Pursuant to D.N.J. LBR 9021-1(b) for Jersey Central Power & Light Company's ("JCP&L") continued provision of postpetition electricity service to the real property known as 107 South Road, Randolph NJ (a/k/a 107 South Road, Mendham, NJ) (the "Property"), and for the estate's payment of the claim of JCP&L for such service. It appears that the Property is property of the estate that the Trustee may sell under Code Sec. 363, and it appears that a prompt sale of the Property may produce sales proceeds in excess of the liens, exemptions, costs of sale and other claims against the Property. The Trustee has requested that JCP&L continue to provide electricity service to the Property in order to facilitate a prompt and efficient sale, and it appears that continued electricity service will constitute a substantially contribution and benefit to the estate. The parties have agreed to submit this consent order addressing the matter, and the Court finds good cause to enter it.

IT IS ORDERED as follows:

1. JCP&L shall continue to provide electricity service to the Property until the closing of the Trustee's sale of the property under Bankruptcy Code Sec. 363(b) or the effective date of an abandonment of the Property under Bankruptcy Code Sec. 554.

2. At the closing of any sale of the Property conducted in this case, the Trustee shall pay the full amount due JCP&L for its postpetition service to the Property, from the gross sales proceeds recovered from such sale.

3. In the event that the Trustee does not pay JCP&L's claim at closing as required in

Debtor: Lois A. McEntee
Case No.: 21-14561 VFP
Caption of Order: Consent Order for Continued Postpetition Electricity Service
and for Payment of Claim for Postpetition Service

paragraph 2, above, or in the event that the Trustee abandons the Property under Bankruptcy Code Sec. 554, JCP&L shall be allowed an administrative expense claim for the amount(s) due under Bankruptcy Code Sec. 503(b)(3)(D).

4. This consent order shall be deemed to be the trustee's adequate assurance of future performance to JCP&L as required by Bankruptcy Code Sec. 366(b).

5. Subject to JCP&L's rights under Bankruptcy Code Sec. 366(c)(4), JCP&L is prohibited from altering, refusing, or discontinuing its service to the estate on the basis of the commencement of the above-captioned case or on the basis of any prepetition debt owed by the Debtor for service rendered prior to the commencement of the case.

The parties consent to the entry
of the order set forth above

/s/ Russell R. Johnson          Dated: 1/7/2022
Russell R. Johnson III, Esq.
Law Firm of Russell R. Johnson III, PLC
Counsel to Jersey Central Power & Light Company

/s/ John O'Boyle                Dated: 1/7/2022
John O'Boyle, Esq.
Norgaard, O'Boyle & Hannon
Counsel to Chapter 7 Trustee,
Ilissa Churgin Hook