UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Counsel to Chapter 7 Trustee
Ilissa Churgin Hook
*By:  John O'Boyle (JO – 6337)*
   joboyle@norgaardfirm.com



Order Filed on March 18, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

  LOIS A. McENTEE,

                              Debtor.

Chapter 7

Case No.: 21-14561 VFP

Hearing Date: March 15, 2022

**CONSENT ORDER AUTHORIZING SALE OF REAL PROPERTY FREE
AND CLEAR OF LIENS; FOR RELIEF FROM THE 14-DAY STAY OF FED.
R. BANKR. P. 6004(h); FOR ALLOWANCE AND PAYMENT OF COMPENSATION
TO REALTOR; FOR PAYMENT OF DEBTOR'S EXEMPTION IN REAL PROPERTY
AND FOR ABANDONMENT OF DEBTOR'S PERSONAL PROPERTY**

   The relief set forth on the following pages, numbered two (2) through four (4) is hereby ORDERED.

**DATED: March 18, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:  Lois A. McEntee
Case No.  21-14561 VFP
Consent Order Authorizing Sale of the Debtor's Real Property Free and Clear of Liens; for Relief from the 14-Day Stay of Fed. R. Bankr. P. 6004(h); for Allowance and Payment of Compensation to Realtor; for Payment of Debtor's Exemption in Real Property and for Abandonment of Debtor's Personal Property
_____

THIS MATTER has come to the attention of the Court upon the motion of Ilissa Churgin Hook ("Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned matter, for an order authorizing the sale of the real property known as 107 South Road, Randolph, NJ (a/k/a 107 South Road, Mendham, NJ)(the "Property"), for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h), for allowance of compensation to the Trustee's realtor and for permission to pay the same at closing; for permission to pay the Debtor's exemption in the Property; and for abandonment of the personal property located on the Property.  Notice of the motion and hearing has been provided to all creditors and parties-in-interest.  Prior to the hearing, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust (hereinafter 'Secured Creditor"), filed a Limited Objection to the motion, through which it sought assurance that its lien covering the Property would be paid in full from the proceeds of the sale.  No other party objected to the motion and no party interposed any competing offer.  The Trustee and Secured Creditor have agreed to submit this Consent Order to resolving Secured Creditor's Limited Objection.  The Court has considered the matter, and finds good cause to make the following order.

IT IS ORDERED as follows:

1. Pursuant to Bankruptcy Code Sec. 363(b),(f) and (m), the Trustee is authorized, but not required, to sell the Property to Manny Raza for the price of $500,000.00, pursuant to the terms and conditions of the Contract attached to the Application in support of the Trustee's motion.

2. Subject to the requirements of Paragraph 3, below, pursuant to Bankruptcy Code Sec. 363(f) the sale of the Property shall be free and clear of all liens, claims, encumbrances, and interests of any kind or nature, whether arising before or after the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise, with valid liens or security interests to attach to the sale proceeds in the same order of priority as they existed before the sale of the Property.

3. The Trustee and Secured Creditor agree that Secured Creditor is the holder of a foreclosure judgment lien pursuant to the February 1, 2021 foreclosure judgment of the Superior Court of New Jersey (Morris County Chancery Division, Docket No. F-018747-19). Prior to the closing of a sale of the property, the Trustee shall seek from Secured Creditor an updated statement of the amounts due on such judgment, including post-judgment interest at the legal rate prescribed by the Superior Court plus amounts advanced post-judgment for taxes, municipal charges, and insurance, and shall arrange for payment of the amounts due on the judgment at the closing of any sale.

4. The sale of the Property authorized herein is an arms-length transaction, and the purchaser Manny Raza is deemed to be a "good faith purchasers" entitled to the protections of Bankruptcy Code Sec. 363(m).

5. The sales of the Property authorized herein is made by a Trustee in Bankruptcy, and is therefore exempt from any realty transfer tax under N.J.S.A. 46:15-5 et seq. and the Bulk Sales Act.

6. The fourteen-day stay provisions of Fed. R. Bankr. P. 6004(h) are hereby waived.

7. The Trustee and the Purchaser are authorized to execute all contracts, agreements,

amendments, deeds, and/or other documents and to take such other actions that may be necessary to fulfill the terms and provisions of the sale.

8. The failure specifically to include any particular provision of the Contract of Sale of Real Estate and/or Rider thereto, annexed collectively to the Trustee's Application in support of the Motion as Exhibit B in this Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Contract of Sale entered into between the Trustee and the Buyer be approved in its entirety.

9. Pursuant to Bankruptcy Code Sec. 330, the Trustee's realtor, Stack & Stack, LLC is allowed compensation in the amount equal to 5% of the gross sales price of the Property, plus costs. The Trustee may pay such allowance at closing.

10. After the closing the Trustee is permitted to pay the Debtor's $25,150.00 exemption in the Property at her discretion.

11. Pursuant to Bankruptcy Code Sec. 554(a), effective as of the entry of this order, all personal property located on the real Property to be sold pursuant to this order shall be deemed abandoned.

12. This Court shall retain jurisdiction to interpret, implement and/or enforce this order.

The parties consent to the Court's
entry of the order set forth above.


   /s/ Steven Kelly                            Dated:
  Steven Kelley, Esq.
  Stern & Eisenberg, PC
  Counsel to US Bank National Association


   /s/ John O'Boyle                            Dated:
  John O'Boyle, Esq.
  Norgaard O'Boyle & Hannon
  Counsel to Chapter 7 Trustee