UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Counsel to Chapter 7 Trustee
Ilissa Churgin Hook
*By:  John O'Boyle (JO – 6337)*
    *joboyle@norgaardfirm.com*

In re:

   LOIS A. McENTEE,

                                        Debtor.

Order Filed on March 18, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 7

Case No.: 21-14561 VFP

Hearing Date: March 15, 2022

**CONSENT ORDER AUTHORIZING SALE OF REAL PROPERTY FREE
AND CLEAR OF LIENS; FOR RELIEF FROM THE 14-DAY STAY OF FED.
R. BANKR. P. 6004(h); FOR ALLOWANCE AND PAYMENT OF COMPENSATION
TO REALTOR; FOR PAYMENT OF DEBTOR'S EXEMPTION IN REAL PROPERTY
AND FOR ABANDONMENT OF DEBTOR'S PERSONAL PROPERTY**

   The relief set forth on the following pages, numbered two (2) through four (4) is hereby ORDERED.

**DATED: March 18, 2022**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor: Lois A. McEntee
Case No. 21-14561 VFP
Consent Order Authorizing Sale of the Debtor's Real Property Free and Clear of Liens; for Relief from the 14-Day Stay of Fed. R. Bankr. P. 6004(h); for Allowance and Payment of Compensation to Realtor; for Payment of Debtor's Exemption in Real Property and for Abandonment of Debtor's Personal Property

_____

THIS MATTER has come to the attention of the Court upon the motion of Ilissa Churgin Hook ("Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned matter, for an order authorizing the sale of the real property known as 107 South Road, Randolph, NJ (a/k/a 107 South Road, Mendham, NJ)(the "Property"), for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h), for allowance of compensation to the Trustee's realtor and for permission to pay the same at closing; for permission to pay the Debtor's exemption in the Property; and for abandonment of the personal property located on the Property. Notice of the motion and hearing has been provided to all creditors and parties-in-interest. Prior to the hearing, U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust (hereinafter 'Secured Creditor"), filed a Limited Objection to the motion, through which it sought assurance that its lien covering the Property would be paid in full from the proceeds of the sale. No other party objected to the motion and no party interposed any competing offer. The Trustee and Secured Creditor have agreed to submit this Consent Order to resolving Secured Creditor's Limited Objection. The Court has considered the matter, and finds good cause to make the following order.

IT IS ORDERED as follows:

1.  Pursuant to Bankruptcy Code Sec. 363(b),(f) and (m), the Trustee is authorized, but not required, to sell the Property to Manny Raza for the price of $500,000.00, pursuant to the terms and conditions of the Contract attached to the Application in support of the Trustee's motion.

2. Subject to the requirements of Paragraph 3, below, pursuant to Bankruptcy Code Sec. 363(f) the sale of the Property shall be free and clear of all liens, claims, encumbrances, and interests of any kind or nature, whether arising before or after the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise, with valid liens or security interests to attach to the sale proceeds in the same order of priority as they existed before the sale of the Property.

3. The Trustee and Secured Creditor agree that Secured Creditor is the holder of a foreclosure judgment lien pursuant to the February 1, 2021 foreclosure judgment of the Superior Court of New Jersey (Morris County Chancery Division, Docket No. F-018747-19). Prior to the closing of a sale of the property, the Trustee shall seek from Secured Creditor an updated statement of the amounts due on such judgment, including post-judgment interest at the legal rate prescribed by the Superior Court plus amounts advanced post-judgment for taxes, municipal charges, and insurance, and shall arrange for payment of the amounts due on the judgment at the closing of any sale.

4. The sale of the Property authorized herein is an arms-length transaction, and the purchaser Manny Raza is deemed to be a "good faith purchasers" entitled to the protections of Bankruptcy Code Sec. 363(m).

5. The sales of the Property authorized herein is made by a Trustee in Bankruptcy, and is therefore exempt from any realty transfer tax under N.J.S.A. 46:15-5 et seq. and the Bulk Sales Act.

6. The fourteen-day stay provisions of Fed. R. Bankr. P. 6004(h) are hereby waived.

7. The Trustee and the Purchaser are authorized to execute all contracts, agreements,

amendments, deeds, and/or other documents and to take such other actions that may be necessary to fulfill the terms and provisions of the sale.

8. The failure specifically to include any particular provision of the Contract of Sale of Real Estate and/or Rider thereto, annexed collectively to the Trustee's Application in support of the Motion as Exhibit B in this Order shall not diminish or impair the efficacy of such provision, it being the intent of the Court that the Contract of Sale entered into between the Trustee and the Buyer be approved in its entirety.

9. Pursuant to Bankruptcy Code Sec. 330, the Trustee's realtor, Stack & Stack, LLC is allowed compensation in the amount equal to 5% of the gross sales price of the Property, plus costs. The Trustee may pay such allowance at closing.

10. After the closing the Trustee is permitted to pay the Debtor's $25,150.00 exemption in the Property at her discretion.

11. Pursuant to Bankruptcy Code Sec. 554(a), effective as of the entry of this order, all personal property located on the real Property to be sold pursuant to this order shall be deemed abandoned.

12. This Court shall retain jurisdiction to interpret, implement and/or enforce this order.

The parties consent to the Court's
entry of the order set forth above.

  /s/ Steven Kelly                     Dated:
  Steven Kelley, Esq.
  Stern & Eisenberg, PC
  Counsel to US Bank National Association


  /s/ John O'Boyle                     Dated:
  John O'Boyle, Esq.
  Norgaard O'Boyle & Hannon
  Counsel to Chapter 7 Trustee

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 21-14561-VFP |
| Lois A. McEntee | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 18, 2022 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 20, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Lois A. McEntee, 202 Otterhole Road.,, West Milford, NJ 07480-4124 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 20, 2022        Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 18, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Ilissa Churgin Hook | trustee@hookandfatovich.com J116@ecfcbis.com |
| John O'Boyle | on behalf of Trustee Ilissa Churgin Hook joboyle@norgaardfirm.com sferreira@norgaardfirm.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com |
| Steven Eisenberg | on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust bkecf@sterneisenberg.com, |

| District/off: 0312-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 18, 2022 | Form ID: pdf903 | Total Noticed: 1 |

jmcnally@sterneisenberg.com;skelly@sterneisenberg.com;bkecf@sterneisenberg.com

Steven P. Kelly

on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust skelly@sterneisenberg.com, bkecf@sterneisenberg.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

William L. Pegg, Jr.

on behalf of Debtor Lois A. McEntee williamlpeggjr@gmail.com williamlpeggjr@gmail.com;peggwr84347@notify.bestcase.com

TOTAL: 8